December 5, 2020

Honorable Judge R. Brooke Jackson
Jackson Chambers-Courtroom A902
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294-3589

RE: Case #
1:18-cr-00305-RBJ

Dear Judge Jackson:

    In December of last year I tried to exercise an option under a lease option agreement for 4064 – 4068 S. Broadway, Englewood, Colorado 80113. The landlord refused to honor the option agreement and I subsequently filed a complaint, a copy of which is attached. The attorney for the Landlord filed a motion to dismiss, a copy of which is attached, claiming that this was a violation of my probation and that I had to get consent of my probation officer prior to filing this complaint. We ended up dismissing the case, without prejudice to refiling. I have decided to refile the complaint. I do not believe that the filing of this Complaint is "doing business" as that term is used in the boilerplate provisions of my probation. However, in order to proceed I need to know that I will not be found to be in violation of my probation. I asked my probation offer to sign something confirming that my filing a complaint was not "doing business" in violation of the terms of my probation. Her response telling me that I had to get this from the Court is attached. I need to have the court either consent to my filing of the Complaint or state that the filing of my complaint is not "doing business" as that term is used in my probation documents.

    If the court needs me to reopen my case in order to request this relief, I would request that I be appointed a legal aid lawyer to represent me in connection with my probation request.

    The other and of course my preferred option that's at your mercy for consideration is that I may be considered a candidate for early termination of probation ....I have completed more than 3 of the 5 years required of me without incident.... With all Physical and mental Participation requested of me Completed ....and from the outset All Financial responsibilities fines / fees and Restitution were paid in full ...

    I believe prosecutor Peña presently assigned to New Mexico and the very busy probation department With their heavy caseload and limited staff would not object to early termination of probation requested ....and to say the least this COVID-19 pandemic that has simply played absolute havoc on every aspect of all our lives ..

    Thank you in advance for your consideration.

Respectfully

_____
Henry A. Beteta

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 10 2020

JEFFREY P. COLWELL
CLERK

*Probation (Her) Response To My Request* ↙

**From:** Kit Griffin <Kit_Griffin@coa.uscourts.gov>
**Date:** October 14, 2020 at 4:32:01 PM MDT
**To:** HENRY BETETA <henryb303@aol.com>
**Subject: RE: Re Request**

You will need to seek the Court's approval for this, Mr. Beteta. I am not approving this at this time.

-----Original Message-----
**From:** HENRY BETETA <henryb303@aol.com>
**Sent:** Wednesday, October 14, 2020 4:31 PM
**To:** Kit Griffin <Kit_Griffin@coa.uscourts.gov>
**Subject:** Re Request

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.


Miss Griffin;
I apologize..... I am not trying to get you to sign anything ....I am trying to understand if I need your permission to file this lawsuit ....I cannot tell from the conditions of my probation If this counts as a business activity.... if I need your permission ....then I am asking for your permission ...it would be helpful if you could tell me that.
Thank you

Henry A. Beteta

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

*My Request To Probation* ↖

| District Court, County of Arapahoe, Colorado<br>Court Address:   Arapahoe County District Court<br>                       Arapahoe County Justice Center<br>                       7325 South Potomac Street<br>                       Centennial, Colorado 80112 | DATE FILED: December 30, 2019 8:48 AM<br>FILING ID: ABEB38D3DFBA6<br>CASE NUMBER: 2019CV32982<br>▲ Court Use Only ▲ |
|---|---|
| **Plaintiff(s):   Henry A. Beteta**<br><br>**Defendant(s): Linda Donnelly** | |
| Attorney for Plaintiff:<br>Michael J. Healey<br>Attorney for Plaintiffs<br>4904 Quitman Street<br>Denver, Colorado 80212<br><br>Phone Number: 303-669-3897     E-Mail: Mhealey2@msn.com<br>    Atty. Reg. #11117 | Case Number:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT** ||

The Plaintiff, by and through his attorney Michael J. Healey, for his Complaint against the Defendant, states as follows:

**Parties, Venue and Jurisdiction**

1.      Plaintiff Henry A. Beteta ("**Plaintiff**") is an individual who resides in Jefferson County, Colorado.

2.      Defendant Linda Donnelly ("**Defendant**") is an individual who resides, upon information and belief, in Arapahoe County, Colorado.

6.      The Arapahoe County District Court has subject matter jurisdiction and venue is proper in this forum pursuant to C.R.C.P. 98(a) as the Real Property at issue is located in Arapahoe County, Colorado and pursuant to C.R.C.P. 98(c)(3)(B) as the Lease Purchase agreement was entered into by the Plaintiff and Defendant in Arapahoe\County, Colorado.

7.      The Arapahoe County District Court possesses jurisdiction over the subject matter of this case pursuant to Article 6, § 9 of the Constitution of the State of Colorado.

**General Allegations**

8.      On or about December 14, 2009, Plaintiff and Defendant met to negotiate and enter into a Lease Purchase agreement. Plaintiff brought with him to their meeting a blank Lease Purchase

1

agreement. The two parties negotiated the terms of the Lease Purchase agreement at their meeting and filled in the blanks in the Lease Purchase agreement. Once the blanks were filled in, the parties signed the Lease Purchase agreement. The Lease Purchase agreement (the "Lease Purchase") gives the Plaintiff an option to purchase that certain real property known by street and number as ;4064 S. Broadway, Englewood, Colorado 80113, and legally described as LOTS 17-18, BLOCK 9, SOUTH BROADWAY HEIGHTS, County of Arapaho, State of Colorado (the "Property"). A copy of the Lease Purchase is attached as Exhibits A1 and A2.

9.      The Lease Purchase contained an option to purchase which reads, in relevant part, as follows: IT IS FURTHER MUTUALLY AGREED that the Landlord, in consideration of the performance of all the covenants and agreements herein to be performed by the Tenant, hereby gives to the Tenant an option to purchase said above described premise at any time during the term of this lease.

10.     The Lease Purchase provides for four two year term options "with all same terms and conditions with a 7% per 2 year term rent increase."

11.     Plaintiff exercised each of the four year options and Plaintiff has performed all of his obligations under the Lease Purchase Agreement. On or about October 10, 2019, Plaintiff delivered a letter to Defendant stating in relevant part as follows: "I will be exercising my right to purchase per the terms + conditions  out line in our contract." A copy of the October 10, 2019 letter is attached as Exhibit B.

12.     On November 12, 2019, Ivan M Call sent a letter to Plaintiff stating that he represented Linda Donnelly with regard to the Property and that he was in receipt of the Plaintiff's letter dated October 10, 2019. His letter states in relevant part:  Please be advised that your option to purchase the subject property under the Lease Purchase document expired after January 1, 2012.  Thus, you currently have no contractual right to purchase the property." A copy of the November 12, 2019 letter is attached as Exhibit C.

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

13.     Plaintiff incorporates as though set forth fully herein all prior averments of fact.

14.     Plaintiff and Defendant  entered into a Lease Purchase contract which included an option to purchase the Property during the term of the Lease Purchase.  The term of the Lease Purchase was extended each time Plaintiff exercised one of his two year options to extend the term of the Lease Purchase.

15.     By refusing to allow Plaintiff to exercise his option to purchase the Property, Defendant has breached the parties' agreement.

16.     Plaintiff has been damaged by Defendant's breach in an amount to be determined at trial.

17. Plaintiff's damages include but are not limited to, the difference between the Lease Purchase agreement purchase price of $300,000.00 and the fair market value of the Property as of the date of breach.

## SECOND CLAIM FOR RELIEF – SPECIFIC PERFORMANCE

18. Plaintiff incorporates as though set forth fully herein all prior averments of fact.

19. The parties had a valid and binding agreement pursuant to which the Property was to be conveyed to the Plaintiff by the Defendant for a purchase price not to exceed $300,000. Plaintiff is obligated to make a downpayment of $15,000.00 and the balance is to be carried by the owner. The terms of the carryback loan are 30 year amortization, balance due in 15 years, with no prepayment penalty and no due on sale clause, with an annual percentage rate between 4 and 7 percent depending on rate conditions at time of sale. Monthly payments are due at the 1st of the month and are late if not paid by the 10th with a 5% late fee. The Plaintiff is to pay the taxes and insurance on the Property.

20. Plaintiff is ready, willing and able to perform all terms of the Lease Purchase related to exercising his option to purchase, including, without limitation, the payment to the Defendant of the $15,000.00 downpayment and the execution and delivery to the Defendant of a $285,000.00 promissory note and a deed of trust containing the above described terms in return for a deed from Defendant to Plaintiff for the Property.

21. This is a unique piece of real property and money damages are inadequate.

22. The Plaintiff requests that the court enter an order for specific performance of the Lease Purchase agreement, including, without limitation, an order that Plaintiff make a downpayment to Defendant in the amount of $15,000.00 and that the Plaintiff deliver a fully executed promissory note and deed of trust to the Defendant containing the terms set forth above and such other terms as are customarily contained in a note and deed of trust and that the Defendant sign and deliver to Plaintiff a deed to the Property.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. For an order that Defendant and Plaintiff specifically perform the contract provisions related to the purchase of the Property by the Plaintiff and that the Plaintiff deliver to the Defendant $15,000.00 together with a promissory note and deed of trust containing the terms set forth in the Lease Purchase agreement and such other terms as are customarily contained in such documents and that the Defendant deliver a fully executed deed conveying the Property from the Defendant to the Plaintiff, as described in Paragraph 19 and that the Defendant deliver possession of the Property to the Plaintiff;

2. In the event that the court does not order specific performance of the contract, for compensatory damages in an amount to be determined at trial;

3. For costs of suit; and

4. For any other and further relief the court considers proper.

Date:  December 30, 2019.

Duly signed original on file at the office of Michael J. Healey

/s/Michael J. Healey
Michael J. Healey #11117
Attorney for Plaintiff

4

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: 7325 S. Potomac St.<br>Centennial, CO 80112 | DATE FILED: June 9, 2020 5:15 PM<br>FILING ID: 5725633032258<br>CASE NUMBER: 2019CV32982 |
| **Plaintiff:**   HENRY A. BETETA<br><br>v.<br><br>**Defendant:**   LINDA DONNELLY | ▲**COURT USE ONLY**▲<br><br>Case No.: 2019CV32982<br><br>Div:           Ctrm: |
| Attorney for Defendant Linda Donnelly<br>Karsh Gabler Call PC<br>Ivan M. Call, #30178<br>1546 Cole Blvd, Bldg. 5, Suite 100<br>Lakewood, CO 80401<br>Phone: 303.759.9669<br>E-mail: icall@karshgabler.com | |
| **MOTION FOR SUMMARY JUDGMENT** | |

DEFENDANT Linda Donnelly ("Defendant") by and through her attorneys, Karsh Gabler Call PC, moves this Court for summary judgment in favor of this Defendant and against Plaintiff Henry A. Beteta ("Plaintiff"). As grounds for this Motion, Defendant states as follows:

### CERTIFICATION

Undersigned counsel certifies that he has conferred with counsel for Plaintiff regarding the relief requested herein and is advised that said relief is opposed by Plaintiff.

1.     Plaintiff filed this action on December 30, 2019 asserting claims against Defendant for breach of contract and specific performance. Said claims concern certain commercial and residential rental property owned by Defendant which is located on South Broadway in Englewood, Colorado and which is the subject of a *Lease Purchase* agreement

12268.001

between Plaintiff and Defendant dated January 1, 2010 with an initial two (2) year term through January 1, 2012. *See* Plaintiff's Complaint at Exhibits A-1 and A-2.

2.      On July 5, 2011, Plaintiff filed a Voluntary Petition for bankruptcy relief in an alleged "no-asset" Chapter 7 proceeding in the U.S. Bankruptcy Court for the District of Colorado in Case No. 11-25930-ABC. A copy of the relevant portion of said Voluntary Petition is attached as **Exhibit 1**. Despite his then existing *Lease Purchase* agreement with Defendant, in his Voluntary Petition in the bankruptcy case, Plaintiff declared under penalty of perjury that he had no "legal, equitable, or future interest" in any real property, including "any property in which the debtor holds rights and powers exercisable for the debtor's own benefit." *Voluntary Petition* at Schedule A. In the same Petition, Plaintiff Henry A. Beteta also specifically declared under penalty of perjury that he had "no executory contracts or unexpired leases." *Id.* at Schedule G. Based at least in part on these statements to the Bankruptcy Court, Plaintiff obtained an Order Discharging Debtor on November 15, 2011.

3.      The above is undisputed and a matter of public record. In order to obtain a discharge of his obligations, Plaintiff took the position in his 2011 bankruptcy that he had no legal, equitable or future interest in any real property and no executory contracts or unexpired contracts. Thus, Plaintiff is estopped and cannot now be heard to claim that he still somehow has rights under the 2010 *Lease Purchase* agreement which he expressly disavowed in the bankruptcy case, under penalty of perjury, in order gain a financial advantage. *See e.g. Arko v. People*, 183 P.3d 555, 560 (Colo. 2008) (judicial estoppel applies where a party takes a factual

position in a proceeding that is totally inconsistent with a position he successfully took in an earlier proceeding in an intentional effort to mislead that court).

4.      On November 1, 2018, a little over one year before filing this lawsuit, Plaintiff was adjudicated guilty and sentenced on two counts of felony fraud in United States District Court for the District of Colorado in Case Number 1:18-cr-00305-RBJ-1. Said criminal adjudication was unrelated to the bankruptcy fraud described in paragraph 1 above that occurred back in 2011. In the more recent 2018 federal criminal case, Plaintiff was sentenced to probation for a term of five (5) years. A copy of the *Judgment in a Criminal Case* (hereafter the "Judgment") -- imposed by U.S. District Judge R. Brooke Jackson -- is attached hereto as **Exhibit 2**.

5.      Pursuant to that Judgment, on November 1, 2018, Plaintiff was sentenced to probation for a term of five (5) years. *Id.* at page 2. The Judgment also imposed *Special Conditions of Supervision* upon Plaintiff including, but not limited to the following:

> **You must not engage in any business activity unless it is approved by the probation officer. All approved business activity must operate under a formal, registered entity**, and you must provide the probation officer with the names of the business entities and their registered agents. You must maintain business records for any approved business activity and provide all documentation and records as requested by the probation officer.
>
> **You must maintain separate personal and business finances** and must not co-mingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.

*Id.* at page 4 of 6, ¶¶8-9 (emphasis added).

6. The above is undisputed and a matter of public record. The filing and prosecution of a lawsuit for breach of contract and to enforce specific performance of alleged rights under a *Lease Purchase* agreement concerning commercial and residential rental properties is clearly "engaging in business activity" and Plaintiff has not obtained approval of his probation officer to do so. This lawsuit is <u>also</u> in violation of Plaintiff's probation and *Special Conditions of Supervision* because it was filed, and is still being prosecuted today, by Henry A. Beteta, *individually*, and not a "formal, registered entity" as required under the plain terms of Plaintiff's probation in connection with his sentence for two (2) counts of felony fraud. *Id.* As such, Plaintiff lacked the necessary authority to file this lawsuit at the outset and still lacks the authority to continue prosecuting this lawsuit. This entire lawsuit by Plaintiff is *ultra vires* and Defendant is entitled to summary judgment. Plaintiff simply has no legal authority to prosecute this case.

7. Where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment is proper. *American Water Development, Inc. v. City of Alamosa*, 874 P.2d 352, 360 (Colo. 1994). Although the party resisting summary judgment is entitled to the benefit of all favorable inferences that may be drawn from the facts presented, the moving party's request must be granted where the facts are undisputed and the opposing party cannot prevail as a matter of law. *Id.* The purpose of summary judgment is to permit the parties to pierce the formal allegations of the pleadings and save the time and expense connected with a trial when, as a matter of law, based on undisputed facts, one party could not prevail. *A-1 Auto Repair & Detail, Inc. v. Bilulnas-Hardy*, 93 P.3d 598, 603 (Colo.App. 2004).

Based on the foregoing, Defendant Linda Donnelly respectfully requests that the Court enter an order and decree granting summary judgment in her favor, dismissing Plaintiff's claims against her with prejudice, and providing such other and further relief as the Court deems just and proper.

Dated this 9th day of June, 2020.

          Respectfully submitted,

          Karsh Gabler Call PC

          s/ Ivan M. Call
          Ivan M. Call, #30178

          *Attorneys for Defendant Linda Donnelly*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2020, a true and correct copy of the foregoing **MOTION FOR SUMMARY JUDGMENT** was served via transmission to the Court-authorized service provider for electronic and/or other service upon the following:

Michael J. Healey, Esq.
4904 Quitman Street
Denver, CO 80212
***Attorney for Plaintiff***

          s/ Valerie M. Goldsmith
          Valerie M. Goldsmith, Legal Assistant

12268.001

5

# LEASE PURCHASE

THIS INDENTURE, dated __JAN-1-- 2010__, is between _____
__Linda Donnelly__, the Landlord and _____
__Henry A. Beteta__, the Tenant.

In consideration of the payment of the rent and the keeping and performance of the covenants and agreements by the Tenant hereinafter set forth, the Landlord does hereby lease unto the Tenant, the following described premises situate in the __Englewood City__ *County of __Arapahoe__ in the State of Colorado, to wit: __4068 So. Broadway Englewood CO. 80113 w/2 rear parking spaces RE: lease 4064-4066-4068 So. Broadway Englewood CO. 80113 RE: Purchase Bldg.__

The said premises, as described above, with all the appurtenances, are hereby leased to the Tenant from the date of __JAN-1-2010__ until the date of __JAN-1-2012__, at and for a rental for the full term aforesaid of $ __8400.00__, payable __350.00 per month @ 1st for 24 months. All Inclusive Gross Rent @ month, tenant shall 4 2 year term options with all same terms and conditions with a 7% per 2 year term rent increase__.

THE TENANT, IN CONSIDERATION OF THE LEASING OF SAID PREMISES AS AFORESAID, COVENANTS AND AGREES AS FOLLOWS:

To pay the rent for said premises as hereinabove provided;

To keep said premises in good condition and repair and at the expiration of this lease to surrender and deliver up the same in as good order and condition as when entered upon, loss by fire, inevitable accident, act of God or ordinary wear excepted;

To use said premises for no unlawful or questionable purpose and to obey the laws, ordinances and police regulations in relation to the use and condition thereof and of the roads and streets adjoining.

IT IS AGREED that all assessments for water that may be levied against said premises during the continuance of this lease shall be paid by __Landlord__ and that all charges for heating and lighting said premises shall be paid by __Landlord__, as the same become due and payable, and that in case said premises shall become untenantable on account of damage by fire, flood or act of God, the term of this lease may be thereupon terminated by the Tenant.

IT IS FURTHER AGREED that in case said premises are left vacant, then the Landlord may, without being obliged to do so and without terminating this lease, re-take possession of said premises. If any part of the rent herein reserved be unpaid, the Landlord may rent the same for such rent and upon such conditions as the Landlord may think best, making such changes and repairs as may be required, giving credit for the amount of rent so received, less all expenses created thereby, and the Tenant shall be liable for the balance of the rent herein reserved until the expiration of the term of this lease.

A security deposit in the amount of $ __350.00__ shall be returned to the Tenant, or written accounting made therefor, listing the exact reasons for the retention of any portion of the security deposit, within sixty (60) days after termination of the lease, or surrender and acceptance of the premises. The Landlord shall make any written statement by mailing said statement to the last known address of the Tenant.

It is agreed that if the Tenant shall be in arrears in the payment of any installment of rent, or any portion thereof, or in default of any of the covenants or agreements herein contained to be performed by the Tenant, which default shall be uncorrected for a period of three (3) days after Landlord has given written notice thereof, Landlord may, at his option, without liability for trespass or for damages; enter into and upon said premises, or a portion thereof; declare the term of this lease ended; repossess the said premises as of the Landlord's former estate; peacefully expel and remove the Tenant, those claiming under him, or any person or persons occupying the same and their effects; all without prejudice to any other remedies available to the Landlord for arrears of rent or breach of covenant.

In the event any payment required hereunder is not made within ten days after the payment is due, a late charge in the amount of five percent of the payment will be paid by Tenant.

IT IS FURTHER MUTUALLY AGREED that the Landlord, in consideration of the performance of all the covenants and agreements herein to be performed by the Tenant, hereby gives to the Tenant an option to purchase said above described premises at any time during the term of this lease at and for the sum of $ __*300,000 or less__, payable as follows: __* Price to be determine by independent certified appraisal provided & paid by Landlord/seller provided to tenant/buyer at time of sale less 8% discount to buyer for no-realtor involvement/fees. Time of sale Determine by Landlord/seller w/ 90 day notice to tenant/buyer during these lease terms__

The Landlord, upon payment of said purchase money, shall convey said premises by Warranty Deed unto the Tenant free from all encumbrances except __None__.

and shall furnish an abstract title so showing. The rent, water, taxes and insurance are to be adjusted to the date of transfer. If a security deposit has been made, upon completion of the lease and purchase of the property, it will be treated as follows: __350 $ deposit and any pre-landlord authorized repairs & improvements. Done by tenant during lease terms to go toward down payment at purchase time.__

Additional provisions: __All customary closing cost to be paid 1/2 seller 1/2 buyer. As spaces on property come available landlord to lease them at a discounted rate to tenant with permission to sublease/repair, improve and manage during these lease terms so that at purchase/sale time all spaces/tenants will be in place always with landlord's/sellers pre authorization & discretion... This to lessen the burden of Bldg repairs, tenant headaches to landlord/owner__

*If in Denver, insert "City and."

(* Terms of Sale) Determine Appraised price. less 8% NO Realtor Discount. 5% down payment Balance owner carry terms 30 year amortization Balance Due in 15 years with NO pre-payment penalty - No Due on Sale clause At APR Rate between 4 To 7 % depending on Rate conditions At time of Sale. Monthly payment Due @ 1st of month Late After The 10th with 5% Late Fee. P.I.T.I. Landlord/Seller may or may Not choose to remain/occupy part of property as now. Rate simply Determine on Sq. Foot Basis for Bldg Rate At Present Time Landlord/Seller will Deduct This Amount From monthly Amount Due From Tenant/Buyer each month until Landlord/seller decides to move on or stay - remain indefinitly.

Should any provision of this Lease and Option violate any federal, state or local law or ordinance, that provision shall be deemed amended to so comply with such law or ordinance, and shall be construed in a manner so as to comply.

Where used herein, the singular shall include the plural and the use of any gender shall be applicable to both genders.

AND IT IS FURTHER EXPRESSLY UNDERSTOOD AND AGREED that all the covenants and agreements contained in this lease shall extend to and be binding upon the heirs, personal representatives and assigns of their respective parties hereto.

IN WITNESS WHEREOF, the parties hereto have executed this Lease and Option the day and year first above written.

_[signature]_ 12/14/09   Landlord
Linda Donnelly
(303) 761-3348
4064 South Broadway
Englewood Co. 80113

_[signature]_ 12/14/09   Tenant(s)
Henry A. Beteta.
(303) 423-6712
7220 W. 38th Ave
Wheat Ridge Co. 80033

# RESIDENCE LEASE

THIS LEASE made this __1__ day of __June__, __2010__, between __Linda Donnelly__ (the "Landlord") and __Henry A. Beteta__ (the "Tenant").

In consideration of the payment of the rent and the performance of the promises by the Tenant set forth below, the Landlord does hereby lease to the Tenant the following described residence situated in the City or Town of __Englewood__, County of __Arapahoe__, in the State of Colorado; the address of which is __4066 S. Broadway, Lower Apt · w/1 Parking Space / Rear Property Area__
property address

__Off Record__
legal description

TO HAVE AND TO HOLD the same with all the appurtenances unto the said Tenant from twelve o'clock noon on the __1__ day of __June__, __2010__, and until twelve o'clock noon on the __1__ day of __June__, __2010__, at and for a rental for the full term of $ __7200.__, payable in monthly installments of $ __300.__, payable in advance, on or before twelve o'clock noon on the __1__ day of each calendar month during the term of this lease at the office of the Landlord at __4064 S. Broadway Englewood CO. 80113__ Colorado, without notice.

The Tenant, in consideration of the leasing of the premises agrees as follows:

1. To pay the rent for the premises above-described.
2. To keep the improvements upon the premises, including sewer connections, plumbing, wiring and glass in good repair, all at Tenant's expense, and at the expiration of this lease to surrender the premises in as good a condition as when the Tenant entered the premises, loss by fire and ordinary wear excepted; to properly irrigate and care for all trees, shrubbery and lawn at the Tenant's expense. To keep all sidewalks on the premises free and clear of ice and snow, and to keep the entire exterior premises free from all litter, dirt, debris and obstructions; to keep any septic system, greasetrap and ashpit in a clean and sanitary condition.
3. To sublet no part of the premises, and not to assign the lease or any interest therein without the written consent of the Landlord.
4. To use the premises only as a residence and to use the premises for no purposes prohibited by the laws of the United States or the State of Colorado, or of the ordinances of the City or Town in which said premises are located, and for no improper or questionable purposes whatsoever, and to occupy the same only as a private residence.
5. To neither hold or attempt to hold the Landlord liable for any injury or damage occasioned by defective wiring or by the breaking or stopping of the plumbing or sewage upon the premises, whether the breaking or stoppage results from freezing or otherwise; to neither permit any sign or card to be placed on the premises for rooming or boardinghouse purposes, nor to permit any room in said house to be used for cooking or light housekeeping purposes, except the kitchen, nor to make any alterations or change in, upon or about the said premises without first obtaining the written consent of the Landlord; but to permit the Landlord to place a "For Rent" card upon the premises at any time after thirty days before the end of this lease.
6. To allow the Landlord to enter upon the premises at any reasonable hour.

IT IS EXPRESSLY UNDERSTOOD AND AGREED BETWEEN LANDLORD AND TENANT AS FOLLOWS:

7. All charges for water and water rents of said premises are to be paid by ☒ Landlord ☐ Tenant. All charges for heating of said premises are to be paid by ☒ Landlord ☐ Tenant. All charges for lighting of said premises are to be paid by ☒ Landlord ☐ Tenant.
8. No assent, express or implied, to any breach of any one or more of the agreements hereof shall be deemed or taken to be a waiver of any succeeding or other breach.
9. If, after the expiration of this lease, the Tenant shall remain in possession of the premises and continue to pay rent without a written agreement as to such possession, then such tenancy shall be regarded as a month-to-month tenancy, at a monthly rental, payable in advance, equivalent to the last month's rent paid under this lease, and subject to all the terms and conditions of this lease.
10. If the premises are left vacant and any part of the rent reserved hereunder is not paid, then the Landlord may, without being obligated to do so, and without terminating this lease, retake possession of the said premises and rent the same for such rent, and upon such conditions as the Landlord may think best, making such change and repairs as may be required, giving credit for the amount of rent so received less all expenses of such changes and repairs, and the Tenants shall be liable for the balance of the rent herein reserved until the expiration of the term of this lease.
11. The security deposit in the amount of $ __300.__ shall be returned to the Tenant, or written accounting made therefor, listing the exact reasons for the retention of any portion of the security deposit, within sixty (60) days after termination of the lease, or surrender and acceptance of the premises. The Landlord shall make any written statement by mailing said statement to the last known address of the Tenant.
12. It is agreed that if the Tenant shall be in arrears in the payment of any installment of rent, or any portion thereof, or in default of any of the covenants or agreements herein contained to be performed by the Tenant, which default shall be uncorrected for a period of three (3) days after Landlord has given written notice thereof, Landlord may, at his option, without liability for trespass or for damages; enter into and upon said premises, or a portion thereof; declare the terms of this lease ended; repossess the said premises as of the Landlord's former estate; peacefully expel and remove the Tenant, those claiming under him, or any person or persons occupying the same and their effects; all without prejudice to any other remedies available to the Landlord for arrears of rent or breach of covenant.
13. In the event of any dispute arising under the terms of this lease, or in the event of non-payment of any sums arising under this lease and in the event the matter is turned over to an attorney, the party prevailing in such dispute shall be entitled, in addition to other damages or costs, to receive reasonable attorney's fees from the other party.
14. In the event any payment required hereunder is not made within ten (10) days after the payment is due, a late charge in the amount of five percent (5%) of the payment will be paid by the Tenant.

THIS LEASE shall be binding on the parties, their personal representatives, successors and assigns.

## ADDITIONAL PROVISIONS

This lease Agreement is an Addendum to lease/purchase Agreement dated 1-1-2010 signed 12/14/2009 subject to same Terms + Conditions. This is 1st unit to be sign over to Henry A. Beteta to take over - repair + sublease/manage util Bldg is sold to Henry A. Beteta. This is a 2 year lease with 4 two year options with a 7% per 2 year term Rent Increase. Basiclly same as leased to Henry A. Beteta unit 4068 S. Broadway.

_____  _____
Landlord                  Tenant



**THE SHOE FITTERS**
Ortho Rx Corrections   Specialty Footwear
Personalized Expert Fitting
7220 W. 38th Avenue
Wheat Ridge, CO 80033
(303) 423-6712

# ADDENDUM
# TO CONTRACT BETWEEN

LINDA DONNELLY        &        HENRY A. BETETA

SIGN & DATED:                JANUARY 1, 2010

RE: Lease Purchase  4064 - 4066 - 4068  and 4066 South Broadway Lower Apartment

Present  Gross Rent $650.00 @ month

New  Increase Rent to reflect 7% increase ($45.50 = $695.50 @ month) as stated in the contract.

This addendum also will be confirmation and put into place #1 of 4 every two year lease extensions by mutual agreement as we continue to move forward under the same terms and conditions.

_____        _____   RE 1-1-2012
LINDA DONNELLY                 3-12-12
                               DATE

_____        _____   RE: 1-1-2012
HENRY A. BETETA                3-9-12
                               DATE





U.S. POSTAGE PAID
FCM LG ENV
WHEAT RIDGE, CO
80033
DEC 07, 20
AMOUNT
$1.40
R2305M148609-8

UNITED STATES POSTAL SERVICE
1023

**THE SHOE FITTERS**
*Personalized Expert Fitting from*
*Simple Footwear to Complete Ortho Rx Requirements*

10115 W. 44th Ave
Wheatridge, CO 80033



Honorable Judge R. Brooke Jackson
Jackson chambers courtroom A902
Alfred A. ARRAJ - United States courthouse
901 19th Street
Denver CO - 80294-3589

RE- case #
1:18-cr-00305-RBJ